**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| COMFAC CORPORATION | PLAINTIFF |
| v.         No. 4:05CV00158 JLH | |
| THE BRADLEY FACTOR, INC.; WILLIAM CAMPBELL; STEVE CAMPBELL; RON WILLIAMS; KIM FORAKER; 10 TENNESSEE JOHN DOE DEFENDANTS; and 25 NORTH CAROLINA JOHN DOE DEFENDANTS | DEFENDANTS |

**ORDER**

Comfac Corporation ("Comfac") filed this action against The Bradley Factor, Inc., ("Bradley") and certain Bradley employees, including William Campbell, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and various state tort claims. William Campbell has filed a motion to dismiss (Docket #40) for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

The facts and the law relevant to this case are set forth in this Court's Order of November 1, 2005 (Docket # 23). In that Order, the Court granted defendant Ron Williams's motion to dismiss for lack of personal jurisdiction. Williams, like Campbell, was a Bradley employee accused of participating in a fraudulent scheme against Comfac. Campbell's motion to dismiss is granted for the same reasons that Williams's motion was granted.

Comfac has produced no evidence that Campbell participated in or even knew of any tortious activity directed at Comfac or any other party in Arkansas. As evidence of Campbell's involvement, Comfac offers only the testimony of Sherry Senter Sullivan, who has admitted her own role in the scheme. Sullivan's testimony contains only one ambiguous passing reference to Campbell, indicating that either he or another Bradley employee may have reviewed some fraudulent documents

before Sullivan sent them to Paragon Factor, another company that was a target of the scheme. Sullivan's testimony does not link Campbell to Comfac or any other companies in Arkansas. In his affidavit, Campbell denies any involvement in any activities related to Comfac that are the subject of this suit. This testimony is unrebutted.

In sum, Comfac has failed to rebut Campbell's meritorious challenge to the Court's *in personam* jurisdiction by showing that Campbell purposefully availed himself of the privilege of conducting activities in Arkansas. *See Romak USA, Inc. v. Rich*, 384 F.3d 979 (8th Cir. 2004). Campbell's motion to dismiss is GRANTED.

IT IS SO ORDERED this 30th day of January, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE